FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ODAI S. ALBAYATI,<br><br>                Plaintiff,<br><br>v.<br><br>CASCADE WINDOWS, CORNERSTONE BUILDING BRANDS, SIMONTON INDUSTRIES, AND SIMONTON WINDOWS<br><br>                Defendants. | NO. 2:25-CV-0120-TOR<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 16), Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 17) and Plaintiff's Motion to Extend Time to Respond (ECF No. 19) to Defendants' Motion to Dismiss. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED in part, Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 17) is DENIED, and Plaintiff's Motion to Extend Time to

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS~ 1

Respond (ECF No. 19) is DENIED as moot.

## BACKGROUND

Plaintiff is proceeding *pro se* and under *in forma pauperis* status. ECF No. 4. On April 11, 2025, Plaintiff filed this claim alleging employment discrimination violating Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, Rehabilitation Act, 29 U.S.C. §§ 701-718B, and Americans with Disabilities Act, 42 U.S.C., §§ 12101-12213. ECF No. 5 at 3. Plaintiff alleges violations occurring from August 20, 2016, to April 11, 2022. ECF No. 5 at 3. Defendants move to dismiss Plaintiff's claims because Plaintiff failed to exhaust administrative remedies, is time-barred, and fails to state a claim. ECF No. 16 at 4-13.

## DISCUSSION

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. 28 U.S.C. § 1915, (e)(2)(b); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating *in forma pauperis* status is not only available to prisoners). Under § 1915(e)(2), the Court may dismiss a case at any time if the court finds that either the poverty claim is false "or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

Under § 1915(e)(2)(B)(i), an action is frivolous if the legal arguments in the

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS~ 2

complaint are not arguable on the merits. *Neitzke v. Williams*, 490 U.S. 319, 322–23 (1989), *superseded by statute*, 29 U.S.C. § 1915(d), *as recognized in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). In other words, there must be an arguable basis in both the facts and the law. *Neitzke*, 490 U.S. at 322–23 (1989). A plaintiff must allege facts, not simple conclusions, that show that an individual was personally involved in the deprivation of his civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under § 1915(e)(2)(B)(ii), "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted … is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545.

*Pro se* pleadings are liberally construed to "'afford the petitioner the benefit of any doubt.'" *Watison*, 668 F.3d at 1112 (quoting *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)). This is especially important for cases arising out of civil rights violations. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as*

*amended* (May 22, 1992) (citation omitted).

    *I. Title VII*

    Plaintiff claims employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17. ECF No. 5 at 3. There are two prerequisites to filing a suit under Title VII. § 2000e-5(e)-(f). One, the employee must file a charge with the EEOC within 180 days after the unlawful employment practice occurred (or 300 days if filling with an appropriate state agency). 42 U.S.C. § 2000e-5(e); *Scott v. Gino Morena Enters., LLC,* 888 F.3d 1101, 1111 (9th Cir. 2018). Two, when the employee is given notice of the right to sue by the EEOC, then the employee must file within 90-days. 42 U.S.C. § 2000e-5(e); *Scott,* 888 F.3d at 1111.

    Additionally, the Ninth Circuit holds the first prerequisite as a jurisdictional requirement to present a Title VII claim. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). This requires "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency" *Sommatino*, 255 F.3d 704 at 708. Without fulfilling this prerequisite, the district court does not have subject matter jurisdiction over the matter. *Sommatino*, 255 F.3d at 708. As such, Plaintiff must file a charge of discrimination against Defendants with an appropriate agency during the specified time frame for this Court to have jurisdiction over this claim. "If the court determines at any time that

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS~ 4

it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12. Plaintiff states in his complaint that he did not file a charge of discrimination with the EEOC or any other federal or state agency. ECF No. 5 at 4. Consequently, Plaintiff states he did not receive a notice of right to sue from the EEOC. ECF No. 5 at 4. As a result, the Court does not have subject matter jurisdiction over this claim and it must be dismissed.

## II. ADEA

Plaintiff claims violations under the Age Discrimination in Employment Act. ECF No. 5 at 3. This act requires similar requirements under 29 U.S.C. § 626(d)(1). The act states "[n]o civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1); *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 395 (2008) (affirming the lower court's dismissal of an ADEA action for failure to file a charge with the EEOC at least 60 days before filing suit). Again, Plaintiff denied filing a charge with the EEOC or any other federal or state agency. ECF No. 5 at 4. Accordingly, the Court must dismiss this claim.

## III. ADA

Next, Plaintiff argues employment discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. ECF No. 5 at 3. Under Title I of the

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS~ 5

1  Americans with Disabilities Act, the statute of limitations is the same as under
2  Title VII of the Civil Rights Act. *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir.
3  2015) (citation omitted). As previously discussed, a charge must be filed within
4  180 days with the EEOC or 300 days with the appropriate state agency. Plaintiff
5  denied filing both in his complaint and the time has run to file because the alleged
6  last violation was in April of 2022. ECF No. 5 at 3.

7     *IV. RA*

8  Plaintiff argues discrimination under the Rehabilitation Act, 29 U.S.C. §§
9  701-718B. ECF No. 5 at 3. To determine the statute of limitations under the
10 Rehabilitation Act, the Ninth Circuit uses the analogous forum state law. *Sharkey*
11 *v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). Previously, the Ninth Circuit used
12 the statute of limitations of the forum state's personal injury statute. *Daviton v.*
13 *Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir. 2001); *Douglas v.*
14 *California Dep't of Youth Auth.*, 271 F.3d 812, 823 (9th Cir. 2001). The closest
15 state statute prohibiting employment discrimination are the Washington Laws
16 Against Discrimination ("WLAD"). RCW 49.60.010-60.540. The WLAD does
17 not have its own statute of limitations. *Antonius v. King Cnty.*, 153 Wash. 2d 256,
18 261 (2004). However, WLAD looks to the personal injury statute of limitations,
19 which requires claims to be filed within three years. *Antonius*, 153 Wash. 2d at
20 261–62; RCW 4.16.080(2). Plaintiff alleges violations most recently on April 11,

2022. ECF No. 5 at 3-4. This case was filed April 11, 2025. As a result, the case was filed within the three-year statute of limitations.

The Rehabilitation Act provides a plaintiff must show he is considered a "qualified individual" as defined under the statute, that he was "'either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.'" *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (citation omitted). Additionally, a plaintiff must show the program received federal financial assistance under the Rehabilitation Act. *Payan*, 11 F.4th at 738.

Here, Plaintiff does not state facts supporting the elements required for these claims. In addition to claims of Defendants failure to promote him and compulsory overtime, Plaintiff states that he did not receive English translation support for understanding his benefits. ECF No. 5 at 4. However, these facts do not prove any of the elements under the Rehabilitation Act. Plaintiff does not allege facts that he is a "qualified individual", was denied or excluded from participation of a public entities' programs, or that he was denied due to his disability. Furthermore, Plaintiff does not state facts that the program receives federal financial assistance. As a result, Plaintiff fails to state a claim.

//

**OPPORTUNITY TO AMEND**

A court may not dismiss a *pro se* complaint before providing the *pro se* party "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively" unless amendments to the complaint could not cure the issues. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted).

Plaintiff cannot cure the time barred issues with leave to amend because filing with any applicable agency would not resolve the time limitations. The remaining claim is a violation of the Rehabilitation Act. The Court grants Plaintiff leave to amend his First Amended Complaint to provide sufficient facts for the elements required under the Rehabilitation Act and to state a claim upon which relief may be granted.

Plaintiff's second amended complaint shall consist of a short and plain statement showing that he is entitled to relief and alleging with specificity:

(1) the specific conduct or actions of the Defendants demonstrating how it caused a deprivation of Plaintiff's rights; and

(2) the specific protected rights of which Plaintiff was deprived.

Further, Plaintiff shall set forth his factual allegations in separate numbered paragraphs. THIS SECOND AMENDED COMPLAINT WILL OPERATE AS A

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS~ 8

COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE COMPLAINT. The second amended complaint must be legibly rewritten or retyped in its entirety; it should be an original and not a copy; it may not incorporate any part of the complaint by reference; and IT MUST BE CLEARLY LABELED THE "AMENDED COMPLAINT" and case number 2:25- CV-0120-TOR must be written in the caption. PLAINTIFF IS CAUTIONED IF HE FAILS TO FILE WITHIN 30 DAYS AS DIRECTED, THE CASE WILL BE DISMISSED IN ITS ENTIRETY.

## APPOINTMENT FOR PRO BONO COUNSEL

Under "exceptional circumstances", a district court may designate pro bono counsel for civil claims to indigent litigants. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court considers both "'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff moved for Appointment of Pro Bono Counsel. ECF No. 17. Three of Plaintiff's claims are time barred, and Plaintiff's Rehabilitation Act claim is not supported with sufficient facts warranting dismissal with leave to amend. Considering the unlikelihood of success on the merits and the ability of Plaintiff to articulate his claims, the Court does not find an exceptional circumstance and

denies the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED in part.**

2. The claims asserted in Plaintiff's Amended Complaint (ECF No. 5) are **DISMISSED.** Plaintiff's Title VII, ADA, and ADEA claims are **DISMISSED with prejudice** and **WITHOUT LEAVE TO AMEND.** Plaintiff's RA claim is **DISMISSED without prejudice** and **WITH LEAVE TO AMEND.**

3. Plaintiff may file a Second Amended Complaint **within thirty (30) days** of the date of this Order. If Plaintiff fails to file within 30 days as directed, the case will be dismissed and the Clerk will be directed to close the file.

4. Plaintiff's Motion to Extend Time to Respond (ECF No. 19) to Defendants' Motion to Dismiss is **DENIED as moot.**

5. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 17) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.     DATED September 25, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS~ 10